# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 18-cr-3066-JLS |
|---|---|
| Plaintiff, | |
| v. | **FIRST SUPPLEMENTAL PROTECTIVE ORDER** |
| SHAWN JAMES SOLEIMANI, | |
| Defendant. | |

Under Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514"), and to safeguard the sensitive protected health information, financial information and personally identifiable information of third parties,

IT IS HEREBY ORDERED that:

1. Pursuant to its separate Order Under 38 U.S.C. § 7332(b)(2)(D) and 28 U.S.C. § 1651, the Court has ordered United States Department of Veteran's Affairs (the "VA") to produce certain records that are or may be subject to the confidentiality provisions of 38 U.S.C. §§ 5701, 5705 and 7332, and 38 C.F.R. §§ 1.460–1.499.

2. The United States shall designate as "Sensitive Personal Health Information" (or "SPHI") all records produced in discovery pursuant to that order, specifically including VA email accounts produced in discovery henceforth.

3. The "Defense Team" shall include defendant's counsel of record, any counsel assisting defendant's counsel of record, defense investigators assisting with this case, retained experts or potential experts, and paralegals, legal assistants, and other support staff assisting defendant's counsel of record on this case.

4. The Defense Team shall use SPHI for the sole purpose of investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The Defense Team may not distribute, disseminate, disclose, or exhibit SPHI to any person who is not a part of the defense, except as further set forth herein.

5. Defense counsel shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of the Defense Team is advised of the Order and agrees to be bound by its terms. The Defense Team shall take all reasonable steps to: (a) maintain the confidentiality of SPHI, and (b) safeguard SPHI produced in this case from disclosure to or review by any third party.

6. The Defense Team may share discovery materials (including SPHI) with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms. The Defense Team may show witnesses discovery materials (including SPHI) as necessary for the preparation of the defense, but may not give copies of the materials to witnesses absent further Order of the Court. The Defense Team is specifically prohibited from leaving copies of SPHI with any witnesses absent prior order of Court.

7. The Defense Team shall return any and all copies of the discovery (including SPHI) to the United States within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

8. If defendant wishes to object to any designation by the United States of discovery as SPHI, he may do so by motion to the Court, after meeting and conferring with the United States concerning the objection.

9. To the extent that any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, the Defense Team shall redact any filings or exhibits referencing or containing said materials in a manner consistent with General Order 514. Any discovery containing SPHI shall be redacted to remove the SPHI before filing with the Court. Any party who wishes to file discovery containing SPHI with Court without redaction shall seek to do so under seal.

10. Any party who wishes to publicly file a document or admit an exhibit containing SPHI without fully redacting the SPHI must apply to the Court for express written permission to do so, after notice to the other party. The Court shall require a showing of good cause before granting any such application.

11. All other terms and conditions of the prior protective order entered in this matter, *see* ECF 93, remain in full force and effect.

SO ORDERED.

DATED: __April 18__, 2022

_____
HON. JANIS L. SAMMARTINO
United States District Court
Southern District of California

1 |      I have reviewed the foregoing protective order, and consent to its entry and agree
2 | to be bound by its terms.

5 | DATE: APRIL 16, 2022

                                   David Silldorf
                                   Gary Gibson
                                   Attorneys for Defendant
                                   SHAWN JAMES SOLEIMANI